UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUZ ALJADAS and CLARE JONES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>EMPIRE CITY LABORATORIES, INC., STEVE NISAN, and MICHAEL NISANOV,<br><br>Defendants. | CLASS AND COLLECTIVE<br><br>ACTION Civil Action No. 16-cv-4428<br><br><br><br>JURY TRIAL DEMANDED |

Named Plaintiffs Luz Aljadas and Clare Jones ("Named Plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their attorneys, and for their Complaint against Defendants Empire City Laboratories ("ECL"), Steve Nisan, and Michael Nisanov (collectively referred to as "Defendants"), allege as follows:

## NATURE OF ACTION

1.      This action is brought, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law ("NYLL") §§ 195, 198, and 663; 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.2 and 142-2.4, to recover unpaid overtime compensation owed to Named Plaintiffs, and all similarly situated persons who are presently or were formerly employed by Defendants, and to recover spread of hours compensation and damages arising from Defendants' failure to furnish complete and accurate wage notifications and wage statements to Named Plaintiffs and members the New York Class, as described herein.

2.      Defendants are in the business of providing laboratory diagnostic testing services.

3.      Defendants employ accessioners and lab aides to assist laboratory technicians and practitioners in the preparation and mixing of formulas, transporting specimens, and clerical work associated with the lab, such as entering data.

4.      Accessioners performed data entry work relating to the specimens.

5.     Lab aides were responsible for collecting specimens from accessioners, placing the specimens in centrifuge if instructed, and transporting the specimens to the appropriate location.

6.     From at least August 2010 until at least the end of 2015, Defendants' policy and practice was to compensate its accessioners and lab aides at a flat hourly rate regardless of the number of hours they worked in a given week.

7.     Accessioners and lab aides regularly work in excess of 40 hours in a week.

8.     At all times relevant to this litigation, Defendants' failed to compensate their accessioners and lab aides one additional hour's pay at the minimum wage rate when they worked in excess of 10 hours in a given day.

9.     Accessioners and lab aides did not receive wage statements from Defendants at the time they received their pay reflecting their overtime hourly rates of pay when they worked in excess of 40 hours in a week.

10.     Accessioners and lab aides did not receive wage notifications at the time of hire reflecting their rates of pay, the basis of their rates of pay, or their pay day designated by Defendants, among other missing information.

11.     As a result, Named Plaintiffs have commenced this action on behalf of themselves and current and former employees of Defendants that worked as accessioners and lab aides.

12.     Defendants' failure to compensate Named Plaintiffs and other accessioners and lab aides at time-and-a-half their regular rates of pay when they worked in excess of 40 hours in a week violated the overtime provisions of Section 7 of the FLSA.

13.     Defendants' failure to compensate Named Plaintiffs and other accessioners and lab aides at time-and-a-half their regular rates of pay when they worked in excess of 40 hours in a week violated the overtime provisions of the NYLL.

14.     Defendants' failure to compensate Named Plaintiffs and other accessioners and lab aides an extra one hour's pay at the minimum wage rate when they worked in excess of 10 hours in a day violated NYLL.

15.     Defendants' failure to provide complete and accurate wage notifications to Named Plaintiffs and other accessioners and lab aides violated NYLL §§ 195(1) and 198-1(d).

16.     Defendants' failure to provide complete and accurate wage statements to Named Plaintiffs and other accessioners and lab aides violated NYLL §§ 195(3) and 198-1(d).

17.     Named Plaintiffs bring their FLSA claim as a collective action under 29 U.S.C. § 216(b). Named Plaintiffs' consent forms are attached hereto as Exhibits A and B.

18.     Named Plaintiffs bring their NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION

19.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.  This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

20.     The statute of limitations under the FLSA for willful violations is three (3) years. 29 U.S.C. § 255.

21.     The statute of limitations under the New York Labor Law is six (6) years. New York Labor Law § 663.

## VENUE

22.     Venue for this action in the Eastern District of New York under 28 U.S.C. §

1391(b) is appropriate because Defendants reside in the Eastern District of New York.

**THE PARTIES**

**Plaintiffs**

***Named Plaintiff Luz Aljadas***

23.     Named Plaintiff Luz Aljadas is domiciled in Kings County, New York.

24.     Named Plaintiff was employed by Defendants from approximately December 2012 through July 2016.

25.     During her employment with Defendants, Named Plaintiff was initially hired as a lab aide and then worked as an accessioner.

26.     Named Plaintiff regularly worked more than 40 hours per week while working for Defendants.

27.     Named Plaintiff normally worked from approximately 6:00 p.m. through approximately 4:00 a.m. to 6:00 a.m. five to six days per week.  In general, Named Plaintiff normally worked more than 50 hours per week.

28.     Named Plaintiff regularly worked in excess of 10 hours in a day.

29.     During her employment with Defendants, Named Plaintiff was compensated a flat hourly rate regardless of the number of hours she worked.

30.     During her employment with Defendants she earned approximately $8.00 to $15.00 per hour.

31.     When Named Plaintiff worked in excess of 10 hours in a day, she did not receive an additional hours pay at the minimum wage rate.

32.     When she was first hired by Defendants, Named Plaintiff did not receive a wage notification informing her of, among other things, (1) her regular rate of pay, (2) her overtime rate of pay, (3) the basis of her rate of pay (*e.g.*, whether she was an hourly employee), or (4) the

regular pay day designated by Defendants.

33.     At no time during Named Plaintiff's employment with Defendants was she presented with a written acknowledgement of receipt of a wage notification.

34.     At no time during Named Plaintiff's employment with Defendants did she sign a written acknowledgement of receipt of a wage notification.

35.     For a large portion of her employment with Defendants, Named Plaintiff's wage statements failed to reflect her overtime hourly rate of pay when she worked in excess of 40 hours in a week.

36.     Named Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

***Named Plaintiff Clare Jones***

37.     Named Plaintiff Clare Jones is domiciled in Kings County, New York.

38.     Named Plaintiff was employed by Defendants from approximately April 2015 through July 2016.

39.     During her employment with Defendants, Named Plaintiff was initially hired as a lab aide and then worked as an accessioner.

40.     Named Plaintiff regularly worked more than 40 hours per week while working for Defendants.

41.     Named Plaintiff normally worked from approximately 7:00 p.m. through approximately 4:00 a.m. to 6:00 a.m. five to six days per week.  In general, Named Plaintiff normally worked more than 50 hours per week.

42.     Named Plaintiff regularly worked in excess of 10 hours in a day.

43.     During her employment with Defendants, Named Plaintiff was compensated a flat

hourly rate regardless of the number of hours she worked.

44.     During her employment with Defendants she earned approximately $9.00 to $12.00 per hour.

45.     When Named Plaintiff worked in excess of 10 hours in a day, she did not receive an additional hours pay at the minimum wage rate.

46.     When she was first hired by Defendants, Named Plaintiff did not receive a wage notification informing her of, among other things, (1) her regular rate of pay, (2) her overtime rate of pay, (3) the basis of her rate of pay (*e.g.*, whether she was an hourly employee), or (4) the regular pay day designated by Defendants.

47.     At no time during Named Plaintiff's employment with Defendants was she presented with a written acknowledgement of receipt of a wage notification.

48.     At no time during Named Plaintiff's employment with Defendants did she sign a written acknowledgement of receipt of a wage notification.

49.     For a large portion of her employment with Defendants, Named Plaintiff's wage statements failed to reflect her overtime hourly rate of pay when she worked in excess of 40 hours in a week.

50.     Named Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendants**

***Empire City Laboratories, Inc.***

51.     Defendant Empire City Laboratories, Inc. ("ECL") is a New York corporation with its principal place of business at 4320 3rd Avenue, Brooklyn, NY 11232.

52.     Throughout the relevant period, ECL employed Named Plaintiff and similarly

situated employees within the meaning of the FLSA and New York Labor Law. ECL has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

53.     ECL is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, employed and/or jointly employed Named Plaintiffs and similarly situated employees.

54.     At all relevant times, ECL maintained control, oversight and direction over Named Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

55.     ECL applies the same employment policies, practices, and procedures to all accessioners and lab aides.

56.     At all relevant times, ECL's annual gross volume of sales made or business done was not less than $500,000.

*Steve Nisan*

57.     Steve Nisan is a resident of 93 Meisner Ave., Staten Island, NY 10306.

58.     Upon information and belief, from at least August 2010, Steve Nisan is an owner and officer of Defendant ECL and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

59.     Defendant Steve Nisan dominated the day-to-day operating decisions of ECL, and made major personnel decisions for ECL.

60.     Defendant Nisan had control over the alleged activities of ECL, which give rise to the claims brought herein.

*Michael Nisanov*

61.     Michael Nisanov is a resident of 55 Blackhorse Ct., Staten Island, NY 10306.

62.     Upon information and belief, from at least August 2010, Michael Nisanov is an owner and officer of Defendant ECL and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

63.     Defendant Nisanov dominated the day-to-day operating decisions of ECL, and made major personnel decisions for ECL.

64.     Defendant Nisanov had control over the alleged activities of ECL, which give rise to the claims brought herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

66.     This action is brought on behalf of Named Plaintiffs and all similarly situated persons who work or have worked for Defendants as accessioners or lab aides on or after August 9, 2013, who elect to opt-in to this action ("FLSA Collective").

67.     Defendants assigned and/or are aware of all the work that Named Plaintiffs and members of the FLSA Collective performed.

68.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiffs and the FLSA collective.  This pattern, practice, and/or policy includes, but is

not limited to, willfully failing to pay Named Plaintiffs and the members of the FLSA Collective overtime compensation for the hours they worked in excess of 40 hours in a given week.

69.     Defendants are aware or should have been aware that federal law requires and required Defendants to pay employees performing non-exempt duties, including Named Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per week.

70.     Named Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

71.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## NEW YORK CLASS ACTION ALLEGATIONS

72.     Named Plaintiffs bring their cause of actions under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all current and former accessioners and lab aides who worked or have worked at any branch location in New York at any time between August 9, 2010, and the date of final judgment in this matter (the "New York Class").

73.     Excluded from the New York Class are Defendants legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in ECL; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

74.     The New York Class is so numerous that joinder of all members is impracticable.

75.     Upon information and belief, the size of the New York Class is believed to be in excess of 40 individuals.

76.     The questions of law and fact common to the New York Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants violated the NYLL; (2) whether Defendants failed to compensate Named Plaintiffs and the New York Class for hours worked in excess of 40 hours per week; (3) whether Defendants failed to compensate Named Plaintiffs and the New York Class spread of hours compensation for hours worked in excess of 10 hours in a day; (4) whether Defendants provided Named Plaintiffs and the New York Class with wage notifications that comply with the requirements of NYLL § 195(1); and (5) whether Defendants provided Named Plaintiff and the New York Class with wage statements that comply with the requirements of NYLL § 195(3).

77.     The claims of Named Plaintiffs are typical of the claims of the New York Class they seeks to represent.

78.     Like the New York Class, Named Plaintiffs worked as accessioners and lab aides and were subject to Defendants' policy and pattern or practice of failing to pay overtime compensation for work performed in excess of 40 hours in a week and spread of hours compensation for work performed over 10 hours in a day.

79.     Like the New York Class, Named Plaintiffs did not receive wage notifications and complete and accurate wage statements that reflected the information required pursuant to NYLL § 195.

80.     Named Plaintiffs and the New York Class are entitled to the same statutory protections under the NYLL, including payment of overtime compensation when they work in excess of 40 hours in a week; spread of hours compensation when they work over 10 hours in a day; and to receive complete and accurate wage notifications and wage statements as required by

NYLL § 195.  Named Plaintiffs and the New York Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

81.     Named Plaintiffs will fairly and adequately represent and protect the interests of the New York Class.  Named Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Named Plaintiffs recognize that, as class representatives, they must represent and consider the interests of the New York Class just as they would represent their own interests. Named Plaintiffs understand that, in making decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the New York Class. Named Plaintiffs recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interest of the New York Class.

82.     Named Plaintiffs have retained counsel competent and experienced in complex class action and employment litigation.  There is no conflict between the Named Plaintiffs, counsel, and the New York Class.

83.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. A class action will prevent costly duplicative litigation of the same exact claim and avoid inconsistent judgments pertaining to Defendants' policies. Although the relative damages suffered by individual New York Class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this action.

## COMMON FACTUAL ALLEGATIONS

84.     Named Plaintiffs, members of the FLSA Collective, and the New York Class (collectively "Class Members") worked for Defendants as accessioners and lab aides.

85.     Throughout their employment with Defendants, Named Plaintiffs and the Class Members consistently worked more than 40 hours per week.

86.     Named Plaintiffs and the Class Members would also often work in excess of 10 hours in a single day.

87.     Defendants are aware that Named Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendants failed to pay them all overtime compensation earned at a rate of one and one-half times their regular rates of pay.

88.     Defendants are aware that Named Plaintiffs and the Class Members worked more than 10 hours in a day, yet Defendants failed to pay them any spread of hours compensation in the amount of one hours pay at the applicable minimum wage rate.

89.     Named Plaintiffs and the New York Class did not receive wage notifications at the time of hire informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rate of pay (*e.g.*, whether they were hourly employees), or (4) the regular pay day designated by Defendants.

90.     Through at least the end of 2015, Named Plaintiffs and the New York Class did not receive wage statements from Defendants reflecting their overtime hourly rates of pay when they worked in excess of 40 hours in a week.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS --
## FLSA OVERTIME COMPENSATION

91.     Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

92.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

93.     At all relevant times, Named Plaintiffs and other similarly situated current and former FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.     The overtime provisions set forth in §§ 201, *et seq.* of the FLSA apply Defendants.

95.     Defendants are an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

96.     At all relevant times, Named Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

97.     Defendants failed to pay Named Plaintiffs and the other similarly situated current and former FLSA Collective members the overtime wages to which they were entitled under the FLSA.

98.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiffs and the other similarly FLSA Collective members.

99.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

100.    As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the other similarly situated current and former FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

101.    As a result of Defendants' unlawful acts, Named Plaintiffs and the other similarly situated FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**NEW YORK OVERTIME COMPENSATION**

102.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

103.    12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

104.    Named Plaintiffs and the New York Class have been employees within the meaning of NYLL.

105.    Defendants have engaged in a widespread pattern and practice of violating the NYLL, as described in this Complaint.

106.    Defendants violated the NYLL, in relevant part, by failing to pay Named Plaintiffs and the New York Class overtime wages as required by the NYLL and NYCRR.

107.    Defendants failed to pay Named Plaintiffs and the New York Class overtime compensation for hours worked over 40 in a workweek.

108.    Defendants' violations of the NYLL have been willful and intentional.

109.    Due to Defendants' violations of the NYLL, Named Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime compensation in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other damages recoverable under the NYLL.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**NEW YORK SPREAD OF HOURS COMPENSATION**

110.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

111.    Title 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours."

112.    Named Plaintiffs and the New York Class Members worked more than 10 hours in a day.

113.    When the Named Plaintiffs and the New York Class Members worked more than 10 hours in a day, they were not provided an additional hour's pay at the minimum wage rate.

114.    Defendants' failure to pay spread of hours compensation under the NYLL and NYCRR was willful and intentional.

115.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and is liable to the Named Plaintiff and members of the putative class in an amount to be determine at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**NEW YORK § 195(1) WAGE NOTICE VIOLATION**

116.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

117.    Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For

all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

118.    Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

119.    Named Plaintiffs and the New York Class did not receive wage notifications at the time of hire from Defendants informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rate of pay (*e.g.*, whether they were hourly employees), or (4) the regular pay day designated by Defendants.

120.    Defendants violated NYLL § 195(1) by failing to provide Named Plaintiffs and the New York Class with wage notifications and wage statements containing the information required by NYLL § 195, *et seq.*

121.    Defendants' violations of the NYLL were willful, widespread, and repeated.

122.    Due to Defendants' violations of NYLL § 195(1), Named Plaintiffs and the New York Class are each entitled to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, together with costs and reasonable attorney's fees, , and such other relief allowed under the NYLL.

### FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS --
### NEW YORK § 195(3) WAGE STATEMENT VIOLATION

123.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

124.    Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece,

commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

125.    Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

126.    Named Plaintiffs and the New York Class did not receive wage statements from Defendants that reflected their overtime rates of pay.

127.    Defendants violated NYLL § 195(3) by failing to provide Named Plaintiffs and the New York Class with wage statements containing the information required by NYLL § 195(3).

128.    Defendants' violations of the NYLL were willful, widespread, and repeated.

129.    Due to Defendants' violations of the NYLL, Named Plaintiffs and the New York Class are each entitled to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, together with costs and reasonable attorney's fees, and such other relief allowed under the NYLL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs and the Class Members seek the following relief:

A.    That, at the earliest possible time, Named Plaintiffs be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, the

nature of the action, and their right to join this lawsuit, among other things;

B.      Unpaid overtime compensation plus liquidated damages pursuant to the FLSA and supporting United States Department of Labor Regulations;

C.      Certification of the NYLL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of the Named Plaintiffs as Class Representative of the New York Class and counsel of record as Class Counsel;

E.      Unpaid overtime compensation, liquidated damages, interest and other damages and penalties permitted under the NYLL;

F.      Unpaid spread of hours compensation, liquidated damages, interest and other damages and penalties permitted under the NYLL;

G.      Damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, plus such other relief allowable under NYLL §§ 195 and 198;

H.      Damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, plus such other relief allowable under NYLL §§ 195 and 198;

I.      Pre-Judgment interest and post-judgment interest as provided by law;

J.      Reasonable incentive awards for the Named Plaintiffs for the time and effort he has spent and will spend protecting the interest of the Class Members;

K.      Attorneys' fees and costs of the action; and

L.      Such other injunctive or equitable relief as this Court shall deem just and proper.

**JURY DEMAND**

Named Plaintiffs, for himself and on behalf of all Class Members, demands a trial by jury on all issues so triable.

Dated:  August 9, 2016
       New York, NY

                           Respectfully Submitted,

                           */s/Lloyd Ambinder*
                           **VIRGINIA & AMBINDER, LLP**
                           Lloyd R. Ambinder
                           Jack L. Newhouse
                           40 Broad Street, 7th Floor
                           New York, New York 10004
                           Telephone: (212) 943-9080
                           Facsimile: (212) 943-9082

                           *Attorneys for Named Plaintiffs,*
                           *Collective Members, and Class Members*